```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

UNITED FIRE GROUP, AS SUBROGEE,                    CIVIL ACTION
AND RAPP TRUNK STORE, INC.

VERSUS                                             NO. 06-3501

SIMPLEX GRINNELL, L.P., ET AL.                     SECTION "F" (3)

### ORDER AND REASONS

Before the Court is Tyco Fire Products' Rule 12(b)(6) Motion to Dismiss arguing that the claims raised by plaintiffs are prescribed. For the following reasons, the motion is DENIED.

### Background

On June 6, 2005, Rapp Trunk Store, Inc. d/b/a Rapp's Luggage and Gifts' store ("Rapp's") located on Canal Street sustained property damage when a sprinkler head allegedly malfunctioned, causing water to spray for several hours throughout the store soaking the walls and ruining most of the store's inventory. Rapp's insurer, United Fire Group ("United Fire"), paid approximately $140,000 for the property damage under the applicable coverages available in its policy. On July 5, 2006, United Fire, as subrogee, and Rapps[1] filed suit in Civil District Court, Parish of Orleans, against Simplex Grinnell, LP and its unknown liability insurer, ABC Insurance Company. The original petition for damages alleges that Simplex is responsible for the damage caused by the defective sprinkler system and components because Simplex

---

[1] Rapp's seeks its deductible only and United Fire, as subrogee, seeks the amounts it paid under its policy.

manufactured, designed, assembled, sold, serviced, distributed, installed and warranted the defective sprinkler system and components.  The theories of liability asserted against Simplex in the original petition are: (1) defective product under the Louisiana Products Liability Act ("LPLA") LSA-R.S. § 9:2800.51, *et seq.*; (2) redhibition pursuant LSA-C.C. Art. 2520; and (3) breach of all purchase, installation, service, maintenance, and warranty agreements between the parties.[2]  As to Simplex's liability insurer, plaintiffs allege that the insurer is liable to them for the damages sustained under the policy coverages.  The lawsuit was removed to this Court on July 5, 2006.

After leave was granted, the Petition for Damages was amended on October 4, 2007.  The first amended complaint adds Grinnell Corporation, alleging that Grinnell or Simplex designed, manufactured, sold, installed and warranted, the sprinkler system at issue.  The theories of liability asserted against Grinnell are: (1) defective product under the Louisiana Products Liability Act ("LPLA") LSA-R.S. § 9:2800.51, *et seq.*; and (2) redhibition pursuant LSA-C.C. Art. 2520.[3]

---

[2] Simplex had a service contract with Rapp's to inspect the sprinkler system that began in 2001 and ended in 2005.  The last inspection occurred on March 4, 2005.

[3] The First Amended Complaint also reiterates and expounds upon plaintiffs' Breach of Contract claim against Simplex.  The pleading alleges that Simplex is liable for beaching its service contract with Rapp's by failing to properly inspect, maintain, and repair the sprinkler system as well as is liable for

I.

Tyco, incorrectly named as Grinnell Corporation in the First Amended Complaint, filed this Motion to Dismiss.  Tyco submits that the first amended complaint filed in October 2007, over two years after the June 2007 incident, is prescribed.  Tyco adds that the First Amended Complaint does not relate back to the Original Complaint because Rule 15 is not satisfied.

Plaintiffs counter that the First Amended Complaint is not prescribed because Simplex and Tyco are joint tortfeasors.  Under Louisiana law, they argue, the interruption of prescription as to one joint tortfeasor is effective against all tortfeasors and, therefore, the filing of the first amended complaint against Tyco was not barred by prescription because prescription was interrupted when the lawsuit was originally filed against the joint tortfeasor Simplex.  Additionally, plaintiffs submit that the first amended complaint relates back to the original petition for damages and that the doctrine of *contra non valentem* precludes any prescription argument because the actual manufacturer of the defective product at issue was not known until June 2007, approximately one month prior to the First Amended Complaint's filing date.  Finally,

---

violating industry standards and statutory duties by failing to properly inspect, failing to detect, and for violating the National Fire Protection Code, LSA-R.S. § 40: 1625, and the Fire Marshal's Code, 55 LAC 103; 3001, *et seq*.  Finally, the First Amended Complaint adds a cause of action for general negligence against Simplex only.

plaintiffs request that the affidavit attached to Tyco's Motion to Dismiss be stricken as improper for the Court's consideration on a Rule 12(b)(6) motion and because they have not had the opportunity to depose the affiant on the issues attested to.

II.

When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded allegations and resolve all doubts in favor of the plaintiff. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988). The Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

LSA-C.C. Art. 2324 provides in tedious detail:

> Article 2324 Liability as solidary or joint and divisible obligation
>
> A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
>
> B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency,

4

> ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.
>
> C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.

Further, LSA-C.C. Art. 3462 provides:

> Art. 3462. Interruption by filing of suit or by service of process
>
> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

The First Amended Complaint alleges that Simplex and Tyco (Grinnell) are both liable to plaintiffs. Under Louisiana law, the suit by plaintiffs against Simplex interrupted prescription. See LSA-C.C. art 3462. Further, an interruption of prescription against one joint tortfeasor interrupts prescription as to any and all joint tortfeasors. See LSA-C.C. art 2324 C. Thus, if these parties are joint tortfeasors, prescription was interrupted when the First Amended Complaint was filed.

Tyco submits that because the theories of liability against it and Simplex are not the same, they cannot be joint tortfeasors nor jointly liable. In support of this argument, Tyco fails to point to any precedent that is helpful. The Court finds that the

5

argument is not supported by Louisiana law. LSA-C.C. Art. 2324 provides that unless the tort liability is solidary under the article, then it is joint. Here, there are no allegations that the liability of Simplex and Tyco is solidary under LSA-C.C. Art. 2324.

Tyco's reliance on *Renfroe v. State of Louisiana through DOTD*, 2001-1646 (La. 2002), 809 So. 2d 947, does not aid its position. In *Renfroe,* the plaintiffs timely filed suit against the Louisiana Department of Transportation and Development for injuries arising out of a car accident on a supposed Department roadway. Seventeen months after the accident, plaintiffs amended their Petition to add more defendants. The amendment was premised upon the plaintiffs discovery of the true owners of the roadway. The Department of Transportation and Development moved for summary judgment, which was granted based upon a finding that they did not own the roadway in question. The late-added defendants then filed Exceptions of Prescription claiming that the release of the Department, the first defendant sued, caused the case against them to prescribe. The Louisiana Supreme Court agreed finding that "...a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is **ultimately found not liable to plaintiffs**, since no joint or solidary obligation would exist." *Renfroe,* 809 So. 2d at 950 (emphasis added)(citation omitted). Since there was a finding on summary judgment that the first sued defendant, the Department, was

not liable to the plaintiffs, the prescription issue was triggered. Thus, the Louisiana Supreme Court went on to determine whether relation back or the equitable doctrine of *contra non valentem* saved the plaintiffs' claims against the late-added defendants.

In this case, there has been no finding that the first-served defendant is not liable to the plaintiffs and the *Renfroe* rule is not applicable to the facts of this matter. Rather, prescription was interrupted when the suit was filed against Simplex and continued to remain interrupted when the first amended complaint adding Tyco was filed. Should a finding be made that the first-sued defendant is not ultimately liable to plaintiffs, then perhaps the Court will have to visit the prescription issue, including arguments as to relation back and *contra non valentem.*

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss is **DENIED.**

New Orleans, Louisiana, April 10, 2008.

_____
**MARTIN L. C. FELDMAN**
**UNITED STATES DISTRICT JUDGE**